NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JPMORGAN CHASE BANK, NATIONAL           )
ASSOCIATION,                            )
                                        )
      Appellant,                        )
                                        )
v.                                      )          Case No. 2D16-4778
                                        )
MARION DEYOUNG,                         )
                                        )
      Appellee.                         )
_____ )

Opinion filed August 29, 2018.

Appeal from the Circuit Court for Sarasota
County; Rochelle T. Curley, Judge.

Elliot B. Kula, W. Aaron Daniel, and William
D. Mueller of Kula & Associates, P.A.,
Miami, for Appellant.

Dana J. Watts of Dana J. Watts Attorney
at Law, Sarasota, for Appellee.


KELLY, Judge.

      JPMorgan Chase Bank, National Association, sued to foreclose its

mortgage on a residence owned by Marion DeYoung. Following a bench trial, the court

entered an amended final judgment of foreclosure in favor of the Bank. The Bank

raises several challenges to the amended final judgment in this appeal, but we find

merit only in its argument that the amended final judgment misstates the amount of the principal balance due on the note.

The amended final judgment states that the principal balance due under the note is $640,713.36. At trial, the Bank presented testimony from its representative that the total amount of the principal balance on the note was $1,838,660, while Ms. DeYoung presented evidence establishing that the principal balance due on the note was $690,713.36. The Bank posits the principal amount entered in the amended final judgment is likely a scrivener's error and argues that if we reject its other challenges to the amended final judgment, we must at a minimum remand this case for this figure to be corrected. We agree. It is apparent the trial court did not accept the Bank's figure, and no party suggested a principal balance in the amount reflected in the amended final judgment. Ms. DeYoung does not contest that the figure contained in the amended final judgment is likely a scrivener's error but argues the Bank waived the error by not raising it in a motion for rehearing. We disagree. Accordingly, we affirm the judgment of foreclosure, except as to the amount due under the note, and remand this case to the trial court to make the necessary corrections to the amended final judgment.

Affirmed in part, reversed in part, and remanded.

CASANUEVA and KHOUZAM, JJ., Concur.